IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TABITHA J. FORTENBERRY,

          Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

          Defendant.

Case No. 10-CV-22-FHM

## OPINION AND ORDER

Plaintiff, Tabitha J. Fortenberry, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's March 2, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held February 23, 2009. By decision dated July 13, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on November 24, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 37 years old on the date of the ALJ's decision. She completed 11th grade and formerly worked as nurse's aide, home health aide, and daycare attendant. She claims to have been unable to work since April 1, 2007, as a result of diabetic neuropathy in hands and feet, hypertension, right hip pain, obesity, and adjustment disorder with depressed mood.

The ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a), except that she is limited to simple repetitive tasks and only incidental contact with the public. [Dkt. 13-2, p. 14]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that ALJ's decision should be reversed because the ALJ failed to propound a proper hypothetical question to the vocational expert; the ALJ failed to properly consider the opinion of her treating physician; and failed to perform a proper credibility

determination. Plaintiff's assertions are all related to the RFC determination. The court will address the assertions in the order that they occur in the analytical sequence.

According to Plaintiff, "[b]ecause the hypothetical was incorrect, the resultant residual functional capacity is incorrect." [Dkt. 17, p. 3]. Plaintiff's assertion awkwardly frames the question. In the analytical sequence, based on consideration of the whole record including the opinions of treating, consultative, and reviewing physicians and an assessment of the claimant's credibility, the ALJ determines the claimant's residual functional capacity (RFC). An error committed in one of those areas will usually affect the RFC finding. Making an RFC finding precedes the framing of a hypothetical question and then, based on the RFC finding, the ALJ frames hypothetical questions to a vocational expert who renders an opinion about whether jobs exist in the economy that one with the claimant's RFC can perform. In other words, the hypothetical question does not determine the RFC finding, it reflects that finding.

It appears that Plaintiff is attempting to assert that the ALJ's RFC finding is not supported by substantial evidence for the reason that the ALJ failed to include limitations in the use of her feet and hands related to numbness and tingling, and also because the ALJ did not explain why he failed to include those limitations in the RFC.

Plaintiff claimed that she was limited in her ability to stand and walk due to numbness in her feet. She also claimed that the use of her hands was limited by numbness in them. Plaintiff testified that she cannot use a pen or pencil. The existence of numbness in Plaintiff's hands and feet is confirmed by the report of the consultative examiner. [Dkt. 13-7, pp. 70-71].

3

The ALJ accurately outlined the medical record, including the notations of hand and foot numbness and tingling. He did not, however, specifically relate his RFC conclusions or his credibility findings to the evidence. Since the ALJ did not discuss Plaintiff's hand and foot numbness and tingling, the court cannot determine whether the ALJ found that there were no limitations resulting from the numbness or whether he mistakenly omitted such limitations from the RFC. It is not sufficient for the ALJ to generally summarize the medical record, state a conclusion, and leave it for the court to sift through the summarized evidence to try to determine what might have been the basis for the ALJ's conclusion. In addition to having substantial support in the record, the ALJ's decision must also demonstrate that the ALJ adhered to the correct legal standards in reaching the decision.

The Commissioner's brief offers justifications for the ALJ's conclusion which do not appear in the ALJ's decision. However, "[the] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

Where, as here, the ALJ does not identify *and discuss* the evidence upon which he relies, the Court cannot meaningfully review the ALJ's determination. *See, e.g., Clifton,* 79 F.3d at 1009 (holding "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's

4

conclusion," and thus the ALJ's unexplained conclusion was "beyond meaningful review"); *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (holding ALJ's listing of factors he considered was inadequate when court was "left to speculate what specific evidence led the ALJ to [his conclusion]"). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Washington v. Shalala,* 37 F.3d 1437, 1437 (10th Cir. 1994) (quotations omitted). The ALJ's decision must be reversed for the ALJ's failure to identify the evidence he relied upon.

Plaintiff also asserts that the ALJ failed to properly consider the opinion of Dr. Lambert, her treating physician, who opined that Plaintiff was unable to walk or stand longer than 5 minutes at a time and only 15 minutes per hour. [Dkt. 13-8, pp. 18, 21]. The ALJ rejected that opinion stating:

> The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patients requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.

[Dkt. 13-2, p. 18]. The ALJ then outlined the regulations pertaining to the weight to be afforded a treating physician's opinion. The ALJ did not, however, actually perform the required analysis. Again, the ALJ's approach was to outline the medical evidence and state a conclusion without specifying what part of the medical record departed substantially from Dr. Lambert's opinion. Further, in its review of the medical record, the court found nothing

5

to support the ALJ's ruminations about the possibility of a sympathetic physician rendering an unjustifiably favorable opinion.

The ALJ's credibility analysis is also infirm. The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). However, according to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding. Id. at *4. It is well-established that an ALJ's findings with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

The reasons the ALJ gave for finding Plaintiff and her husband were not credible was that Plaintiff testified that she used a cane to ambulate, but her physician stated she ambulates without assistance, she did not use a cane when she appeared for her consultative examination, and emergency room records did not indicate she required use of a cane. [Dkt. 13-2, p. 18]. The ALJ also stated:

> The emergency room records in their history stated on one date that the claimant was single then married on another (Exhibit 1F). The claimant stated that she had been separated for seven years at her consultative examination (Exhibit 5F). Yet at the hearing, there was no mention of this separation. The claimant stated that she is supported by her husband working and her child's SSI. Her husband did not mention the separation but stated that he and the claimant had been together 19 years and had been married for 17 years.

[Dkt. 13-2, p. 18]. The various statements concerning Plaintiff's marital status referred to by the ALJ are not necessarily inconsistent and therefore do not necessarily demonstrate that Plaintiff lacks credibility. The records in Exhibit 1F are medical records from December 2004 to October, 2005. [Dkt. 13-7, pp. 5-66]. Exhibit 5F contains the psychological consultative examination performed in November 2007. [Dkt. 13-8, pp. 89-93]. The hearing took place on February 23, 2009. It is therefore possible that the separation had ended by the time of the hearing. Furthermore, neither Plaintiff, nor her husband were questioned at the hearing about their separation. As a result they would not have been expected to volunteer that information. If the ALJ thought that information was pertinent to the disability determination, one would expect the ALJ to ask about it. The court finds that to the extent the ALJ relied on comments about marital status as a basis for discounting Plaintiff's credibility, the ALJ's credibility analysis is not supported by substantial evidence.

The undersigned finds that Plaintiff's sporadic use of a cane is not sufficient reason to find her testimony is not credible. Plaintiff testified that she has problems with her hands and cannot hold a pen or pencil. The credibility of that particular testimony is highly relevant to whether Plaintiff can perform the sedentary work identified by the vocational expert, yet the ALJ did not address that testimony. On remand, the ALJ is required to address the relevant testimony and analyze Plaintiff's credibility in accordance with the principles set out in SSR 96-7p, 1996 WL 374186 (July 2, 1996), affirmatively linking the credibility findings to substantial evidence.

Based on the foregoing analysis, the Commissioner's decision must be reversed and the case remanded for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 24th day of March, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE